UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HERMAN MARK LANDRY, III, | * | |
| | * | CIVIL ACTION NO. 19-01319 |
| PLAINTIFF, | * | |
| | * | |
| VERSUS | * | |
| | * | JUDGE GUIDRY |
| BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY, | * | MAGISTRATE JUDGE NORTH |
| | * | |
| DEFENDANTS. | * | |
| | * | |
| Related to:   12-968 BELO               in MDL No. 2179 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT STATUS REPORT

Plaintiff, Herman Mark Landry, III, and Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") submit this Joint Status Report pursuant to this Court's September 18, 2019 Scheduling Order:

**I.   Parties and Counsel**

    **A. Plaintiff:** Herman Mark Landry, III

       **Counsel:**  Howard L. Nations
                    **THE NATIONS LAW FIRM**
                    3131 Briarpark Drive, Suite 208
                    Houston, Texas 77042
                    (713) 807-8400
                    Nations@howardnations.com

    **B. Defendants:** BP Exploration & Production Inc. and BP America Production Company

       **Counsel:**  R. Keith Jarrett
                    Don K. Haycraft
                    Charles Wilmore

>       Devin C. Reid
>       Brady M. Hadden
>       **LISKOW & LEWIS**
>       701 Poydras Street, Suite 5000
>       New Orleans, Louisiana 70139-5099
>       Telephone: (504) 581-7979

**II.    Pending Motions**

There are no motions pending before the court at this time.

**III.   Conferences and Trial**

    A. **Settlement Conference:** at least two weeks before the pre-trial conference.

    B. **Pre-trial Conference:** April 1, 2020, at 1:30 p.m.

    C. **Trial:** May 4, 2020, at 9:30 a.m.; non-jury trial; estimated to last 5 days.

**IV.    Factual and Legal Issues**

    A. **Plaintiff's Recitation of Factual/Legal Issues**:

Plaintiff Herman Mark Landry, III worked as a Clean-Up Worker, as defined by the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MSA"), aiding in response activities following the Deepwater Horizon oil spill of April 20, 2010. His primary work duties were setting out booms and collecting and bagging oil-soaked booms by hand. Plaintiff worked as a Clean-Up Worker from approximately June 15, 2010 to November 10, 2010.

During that time, he came into direct contact with and/or inhaled oil, other hydrocarbons, dispersants, and other substances released due to the oil spill and/or response activities. After his exposure, Plaintiff began experiencing sinus issues. Plaintiff had not experienced these symptoms before his exposure. Plaintiff's symptoms continued, and he was diagnosed with Chronic Rhinosinusitis on July 1, 2014. Plaintiff was not eligible to receive payment under the MSA because

he was diagnosed with these conditions after April 16, 2012, and therefore, must file this Back-End Litigation Option Lawsuit in order to be compensated for his injuries.

Plaintiff's injury was legally caused by Plaintiff's exposure to oil, other hydrocarbons, dispersants, and other substances released due to the spill and/or response activities and there are no alternative causes for Plaintiff's injuries. Plaintiff will present factual evidence and expert testimony to support his claims, supported by medical and scientific literature, sufficient to meet all applicable evidentiary standards. Plaintiff is entitled to compensatory damages, as stated in Plaintiff's BELO Complaint. Per the MSA "[t]he alleged fault of BP for the Deepwater Horizon Incident" "need not be proved and may not be litigated at trial." (MSA Sec. VIII, Para. G.3.b). Additionally the MSA states that Plaintiff need not prove and it may not be litigated that Plaintiff was exposed "to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities." (Id.).

B. **Defendants' Recitation of Factual/Legal Issues:**

One of the two class-wide settlements entered by BP in the *Deepwater Horizon* litigation was the Court-approved Medical Benefits Class Action Settlement Agreement (the "MSA"). *See* C.A. No. 2:10-02179, Doc. No. 6273-1. That settlement addresses medical claims of clean-up workers and zone residents who allege exposure-related injuries as a result of response activities following the oil spill. Class members diagnosed prior to April 16, 2012 may submit their claims to the third-party Medical Claims Administrator, who determines eligibility for compensation according to a payment matrix that was negotiated between the parties and approved by the Court.

For those class members whose physical conditions were first diagnosed after April 16, 2012, and allegedly result from "exposure to oil … and/or … to dispersants and/or decontaminants

used in connection with the Response," the MSA provides a remedy to seek compensation from BP through the "Back End Litigation Option" (a/k/a "BELO" lawsuit).  The MSA specifies the process a class member must follow to file a BELO lawsuit and how it shall be litigated (*e.g.*, what law governs such claims, what issues are to be litigated, and what damages are recoverable).  *See* MSA, Sec. VIII.  Herman Mark Landry, III has filed a BELO lawsuit here.

Plaintiff alleges that he worked as a clean-up worker in the *Deepwater Horizon* response while employed by Danos & Curole Marine Contractors and Vessel of Opportunity for Eduard Andrew Popich.  He contends that he was diagnosed with chronic rhinosinusitis on July 1, 2014. Plaintiff contends all of these conditions were caused by his alleged exposures during his time as a clean-up worker.  Plaintiff seeks an unspecified amount for past, present, and future medical expenses; past, present, and future physical pain and suffering; past, present, and future mental pain, anguish, distress, and suffering; scarring and disfigurement; permanent disability; physical impairment; loss of earnings and damage to wage-earning capacity; other economic loss; loss of enjoyment of life; increased risk, possibility, or fear of suffering the future from any disease, injury, illness, mental or emotional harm, condition, or death; costs for past and ongoing medical screening and monitoring; court costs; pre and post judgment interest; as well as "[s]uch other and further relief available under the MSA and all applicable state and federal laws, as well as any relief the Court deems just and appropriate."

Under the MSA provisions governing BELO lawsuits, BP has agreed not to contest its alleged fault.  Indeed, Plaintiff may not offer any evidence of or litigate the alleged fault of BP at trial.  Further, in order to recover damages, it is not necessary for the Plaintiff to prove that he (1) was exposed to oil, other hydrocarbons, and or other substances released from the MC252 well and/or the Deepwater Horizon, or (2) was exposed to dispersants and/or decontaminants used in connection or the MC252 spill response activities.  However, the parties may litigate both the level

and degree of Plaintiff's exposure, including whether such exposure is a legal cause of Plaintiff's conditions. All other defenses are available to BP, including the right to contest the fact of plaintiff's diagnosis; the location of oil, oil-dispersing chemicals, and decontaminants; the level and duration of plaintiff's exposure to these substances; causation, including potential alternative causes; comparative fault; and the amount of compensatory damages, if any.

## V.   Discovery

Under the existing BELO Cases Initial Proceedings Case Management Order (Rec. Doc. 3), the parties have exchanged Initial Disclosures. BP issued Interrogatories and Requests for Production to Plaintiff on September 23, 2019. Plaintiff responded on October 23, 2019. Accordingly, BP has entered into routine deposition discovery.

## VI.   Status of Settlement Negotiations

BP declined to mediate this claim when Mr. Landry submitted a Notice of Intent to Sue to the Claims Administrator. A settlement conference may be appropriate after completion of discovery, closer to trial of this matter.

| | |
|---|---|
| /s/ *Howard L. Nations* | */s/ Devin C. Reid* |
| Mr. Howard L. Nations | R. Keith Jarrett (Bar #16984) |
| **THE NATIONS LAW FIRM** | Don K. Haycraft (Bar #14361) |
| 3131 Briarpark Drive, Suite 208 | Charles Wilmore, T.A. (Bar #28812) |
| Houston, Texas 77042 | Devin C. Reid (Bar #32645) |
| (713) 807-8400 | Brady M. Hadden (Bar #37708) |
| Nations@howardnations.com | **LISKOW & LEWIS** |
| | 701 Poydras Street, Suite 5000 |
| **ATTORNEYS FOR** | New Orleans, Louisiana 70139-5099 |
| **HERMAN MARK LANDRY, III** | Telephone:  (504) 581-7979 |
| | Facsimile:  (504) 556-4108 |
| | |
| | **ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC. AND BP AMERICA PRODUCTION COMPANY** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, a corrected copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Devin C. Reid*
Devin C. Reid